UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RENE MALDONADO, | ) | NO. CV 23-188-DDP (AGR) |
| Petitioner, | ) | |
| | ) | |
| L. MARTINEZ, Warden, | ) | ORDER TO SHOW CAUSE WHY PETITION FOR WRIT OF HABEAS CORPUS SHOULD NOT BE DISMISSED |
| Respondent. | ) | |

Petitioner has filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition"), pursuant to 28 U.S.C. § 2254, challenging denial of resentencing. On the face of the Petition, it appears the sole ground in the Petition fails to state a cognizable claim for relief.

# I.

# PROCEDURAL HISTORY

In January 2006, a Los Angeles Superior Court jury found Petitioner guilty of two counts of attempted murder and two counts of being a felon in possession of a firearm (Cal. Penal Code §§ 187(a), 664, & 12021(a)(1)). (Dkt. No. 1 at 2, 197-98 [1] (Case No. PA045406).) The jury also found true the allegations that the attempted murders were committed willfully, deliberately, and with premeditation; that a principal personally and intentionally used and discharged a firearm within the meaning of Cal. Penal Code §§ 12022.53(b), (c), (e)(1); and that all crimes were committed for the benefit of a criminal street gang. (*Id*.) In addition, Petitioner admitted to having suffered a prior conviction for a serious or violent felony and admitted one prior one-year enhancement within the meaning of (Cal. Penal Code § 667.5(c)). On February 28, 2006, the court sentenced Petitioner to two consecutive terms of fifty-years to life. (Dkt. No. 1 at 2, 200-02.)

On January 22, 2007, the California Court of Appeal reversed one count of being a felon in possession of a firearm and ordered Petitioner to be resentenced. (*See* https://appellatecases.courtinfo.ca.gov (Case No. B189920).) On April 11, 2007, the California Supreme Court denied a petition for review. (*See id*. (Case No. S150426).)

On remand, the Superior Court reversed one of the felon in possession of a firearm convictions (Count 3), recalculated pre-sentence credits, and clarified Petitioner's sentence. (Dkt. No. 1 at 206.) It appears that Petitioner did not appeal but pursued various forms of collateral relief. (*See* https://appellatecases.courtinfo.ca.gov.)

On December 20, 2007, the California Court of Appeal summarily denied a habeas petition filed on November 29, 2007. (*See id*. (Case No. B203990).) On

---

[1] Page citations are to the page numbers generated by the CM/ECF system in the header of the document.

June 25, 2008, the California Supreme Court summarily denied a habeas petition filed on January 14, 2008. (*See id*. (Case No. S159921).)

On February 22, 2018, the California Court of Appeal granted Petitioner's writ of mandate challenging the imposition of a gang enhancement pursuant to Cal. Penal Code § 186.22 and remanded to the trial court for resentencing. (*See id*. (Case No. B287354.) On remand, the trial court resentenced Petitioner to life without the possibility of parole plus a twenty-year determinate sentence for the firearm enhancement (Cal. Penal Code §§ 12022.53(c), (e)(1)) for each attempted murder count, with the fourteen years minimum eligibility term for each attempted murder count under the "Three Strikes" law. The trial court ordered the sentences to run consecutively. (Dkt. No. 1 at 211-13.) Petitioner appealed and, on July 30, 2019, The Court of Appeal affirmed the conviction but once again remanded the matter for the trial court to impose or strike the Cal. Penal Code § 667.5(b) prior prison enhancement. (*See People v. Maldonado*, Case No. B292272.)

Relevant here, on July 31, 2020, Petitioner filed a request for resentencing pursuant to Cal. Penal Code § 1170.95[2] in the Superior Court. (Dkt. No. 1 at 176.) On August 26, 2020, the court summarily denied the petition and found Petitioner ineligible for resentencing on two separate grounds: (1) Petitioner was not convicted on the theories of felony murder or natural and probable consequences; and (2) § 1170.95 does not apply to convictions for attempted murder. (*Id*. at 229-34.)

On June 16, 2021, the California Court of Appeal affirmed the denial of

---

[2] Effective January 1, 2019, California Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015; Senate Bill 1437) substantively amended certain sections of the California Penal Code to eliminate the natural and probable consequences liability for murder as it applies to aiding and abetting, and to otherwise limit the scope of the felony-murder rule. It also added section 1170.95 to the Penal Code, enabling those convicted under the theory of felony murder or murder under the natural and probable consequences doctrine to retroactively seek relief.

resentencing in an unpublished decision.  (See https://appellatecases.courtinfo.ca.gov (Case No. B203783).)

On August 25, 2021, the California Supreme Court granted a petition for review and deferred the matter pending disposition of related issues in *People v. Lopez*, S258175.  (*See id*. (Case No. S269959.)  On December 28, 2021, the matter was transferred to the Court of Appeal with directions to vacate its decision and reconsider the cause in light of Senate Bill No. 775.[3]  (*See id*.)

On February 14, 2022, the California Court of Appeal affirmed the denial of resentencing.  (*See id*. (Case No. B308783).)  The court held that Petitioner was not eligible for resentencing because he was not convicted of attempted murder based on felony murder, the natural and probable consequences doctrine, or any other theory of liability under which malice was imputed to him based solely on his participation in a crime.  The court also found that denial of a request for appointment of counsel was harmless error.  (Dkt No. 1 at 153-61.)

On April 20, 2022, the California Supreme Court denied a petition for review. (*See id*. (Case No. S273666).)

Petitioner constructively filed the current Petition on January 5, 2023.  (Dkt. No. 1 at 240 (proof of service).)

## II.

## **FEDERAL HABEAS REVIEW STANDARD**

The Petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Therefore, the Court applies the AEDPA in reviewing the Petition.  *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997).

A federal court may not grant a petition for writ of habeas corpus by a person in state custody with respect to any claim that was adjudicated on the merits in state court unless it (1) "resulted in a decision that was contrary to, or

---

[3] California Senate Bill No. 775 amended Cal. Penal Code § 1170.95 to allow persons convicted of attempted murder to petition for resentencing.

involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Harrington v. Richter*, 562 U.S. 86, 98 (2011).

### III.
### DISCUSSION[4]

The Petition contains one ground for relief. Petitioner contends that the Superior Court erred in denying his petition for resentencing under Cal. Penal Code § 1170.95 without appointing counsel and allowing proper briefing in violation of Petitioner's rights to due process and assistance of counsel. (Dkt. No. 1 at 5.)

Federal habeas review is limited to deciding whether a judgment violates the Constitution, laws, or treaties of the United States. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Generally, a claim involving only the application or interpretation of California law is not cognizable on federal habeas review. *See* 28 U.S.C. § 2254(a); *see also Rivera v. Illinois*, 556 U.S. 148, 158 (2009) (citation omitted) (An error of state law alone "'is not a denial of due process.'").

### A.   Last Reasoned Decision

For purposes of habeas review, the last reasoned state court decision is the California Court of Appeal decision dated February 14, 2022 on remand from the California Supreme Court and not the Superior Court's decision on August 26, 2020. (Dkt. No. 1 at 153-61.) *See Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991); *see also Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018). The California Supreme Court directed the Court of Appeal to reconsider in light of Senate Bill

---

[4] The Court assumes, without deciding, that denial of a petition for resentencing under Cal. Penal Code section 1170.95 petition constitutes a new intervening judgment.

5

775.  *People v. Maldonado*, 2021 Cal. LEXIS 9025 (2021).   As the Court of Appeal noted on remand, Senate Bill 775 became effective January 1, 2022, and allowed persons convicted of attempted murder to petition for resentencing.  (Dkt. No. 1 at 154 & n.2.)  The Superior Court had issued its decision on August 26, 2020, before Senate Bill 775, and had held that resentencing relief was not available for attempted murder convictions under the then-existing version of § 1170.95.  (*Id.* at 155-56.)  The Superior Court's decision was also issued before the California Supreme Court's decision in *People v. Lewis*, 11 Cal. 5th 952, 957 (2021), which held that a petitioner is entitled to counsel as a matter of state law upon the filing of a facially sufficient petition and that a petitioner alleging error must show that it is reasonably probable his petition would not have been denied summarily without an evidentiary hearing if he had been appointed counsel. (Dkt. No. 1 at 160-61.)

      Petitioner was represented by counsel, who submitted briefs, during the proceedings before the California Court of Appeal and California Supreme Court.  (*Id.* at 10-119, 126-44, 146-52, 163-71.)

      The California Court of Appeal held that Petitioner is not eligible for resentencing as a matter of law under § 1170.95 after Senate Bill 775 because he was not convicted of attempted murder based on felony murder, the natural and probable consequences doctrine, or any other theory of liability under which malice was imputed based solely on his participation in a crime.  (*Id.* at 154.) There is no such crime as attempted felony murder, and the judge did not instruct the jury on the natural and probable consequences theory of aiding and abetting. (*Id.* at 157, 158-59.)  Rather, "the trial court instructed the jury that it could not convict [Petitioner] as an aider and abettor unless the jury concluded that [Petitioner] shared the perpetrator's intent."  The instructions required that the prosecution prove beyond a reasonable doubt that "'[w]hen the defendant acted' he acted with malice aforethought," which required "intent to kill."  Accordingly,

Petitioner "was convicted based on his own state of mind, not on any theory of imputed malice." (*Id.* at 159.)

The California Court of Appeal also held that the trial court erred under state law in failing to appoint counsel for Petitioner under the subsequent decision in *Lewis*. The California Supreme Court in *Lewis* held that there is no federal constitutional right to counsel to pursue collateral relief from a state conviction. *Lewis*, 11 Cal. 5th at 972-73. Under state law, a petitioner who contends he was erroneously deprived of counsel in connection with a § 1170.95 petition must show prejudice, namely, "'it is reasonably probable that if [he or she] had been afforded assistance of counsel his [or her] petition would not have been summarily denied without an evidentiary hearing.'" *Id.* at 974. The California Court of Appeal found that Petitioner could not satisfy his burden because he "is ineligible for relief as a matter of law" and therefore the error was harmless. (Dkt. No. 1 at 161.) To the extent Petitioner raises appointment of counsel in his Petition in this federal court, his ground for relief is unexhausted. The petition for review before the California Supreme Court did not raise the issue of appointment of counsel. (*Id.* at 163-71.)

### B. Failure to State Cognizable Ground for Relief

"There is no constitutional right to an attorney in state post-conviction proceedings." *Coleman v. Thompson*, 501 U.S. 722, 752 (1991), *abrogated in part on other grounds in Martinez v. Ryan*, 566 U.S. 1, 8, 17 (2012) (holding, when state requires defendant to raise ineffective assistance of counsel at trial claim in collateral proceedings rather than direct appeal, procedural default will not bar federal habeas court from hearing claim of ineffective assistance of counsel at trial if, in initial-review collateral proceeding, petitioner had no counsel or counsel was ineffective).[5]

---

[5] The Supreme Court in *Martinez* did not establish a constitutional ruling that would create a freestanding constitutional claim. 566 U.S. at 16.

Accordingly, the failure to appoint counsel as provided in Cal. Penal Code § 1170.95 is "'state law error only.'" *Lewis*, 11 Cal. 5th at 973. "[F]ederal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Prado v. Cueva*, 2023 U.S. Dist. LEXIS 213226, *6 (E.D. Cal. Nov. 30, 2023) (holding claim based on failure to appoint counsel in § 1170.95 resentencing proceeding is not cognizable on federal habeas review).

To the extent Petitioner challenges denial of resentencing, Petitioner must show that the alleged state sentencing error was "so arbitrary or capricious as to constitute an independent due process . . . violation." *Lewis*, 497 U.S. at 780 (1990); *Miller v. Vasquez*, 868 F.2d 1116, 1118-19 (9th Cir. 1989) (question of whether prior conviction was serious felony within meaning of state statutes does not raise federal question). A habeas petitioner "may not . . . transform a state-law issue into a federal one merely by asserting a violation of due process." *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996).

The Petition does not invoke any federal basis for his resentencing argument and does not show any fundamental unfairness occurred in the state court's application of its sentencing laws.[6] Whether Petitioner is eligible for resentencing under § 1170.95, and the procedures involved, are issues of state law not cognizable on federal habeas review. *See, e.g.*, *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) ("federal habeas corpus relief does not lie for errors of state law") *Souch v. Schaivo*, 289 F.3d 616, 622-23 (9th Cir. 2002) (challenge to trial court's exercise of discretion under state sentencing law fails to state federal habeas claim). Federal habeas review does not permit this court to second-guess the state court's determination regarding Petitioner's ineligibility for resentencing. *See, e.g.*, *Walker v. Cal. Supreme Ct.*, No. CV 22-4638-CAS-E, 2022 WL 11337927, *2 (C.D. Cal. Sept. 13, 2022) (collecting cases), *recommendation*

---

[6] Any claims based on alleged violations of California Constitution are also claims based on state law and are not cognizable on federal habeas review.

8

*accepted by* 2022 WL 11269388 (C.D. Cal. Oct. 13, 2022). This court is bound by the state court's interpretation of its laws. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (per curiam) ("state court's interpretation of state law . . . binds a federal court sitting in habeas corpus").

Accordingly, Petition does not appear to present a claim cognizable on federal habeas review.

## IV.
## ORDER

Therefore, the court orders Petitioner to show cause, on or before **March 8, 2024**, why the court should not recommend dismissal of the Petition with prejudice for the reasons set forth above. If Petitioner does not respond to this Order to Show Cause, the magistrate judge will recommend that the Court dismiss the Petition with prejudice.

DATED: February 5, 2024

ALICIA G. ROSENBERG
United States Magistrate Judge